IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DEES and ANGELA DEES, On behalf of themselves and all others similarly situated<br><br>PLAINTIFFS<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER<br><br>DEFENDANT | § § § § § § § § § § § § § § | CIVIL ACTION NO._____ |

## CLASS ACTION COMPLAINT

1. Defendant Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Mr. Cooper") routinely and systematically violates the Texas Fair Debt Collection Practices Act (the "TDCPA") and breaches uniform covenants in mortgages insured by the Federal Housing Administration ("FHA") by assessing fees to borrowers that are either not permitted by law or are expressly prohibited by their mortgage agreements.

2. Mr. Cooper is one of the largest originators and servicers of mortgages in the United States.

3. Mr. Cooper abuses its position as a mortgage servicer by charging fees to borrowers who make their mortgage payments online or over the phone ("Pay-to-Pay fees"), despite those fees not being expressly authorized in the terms of standard mortgage agreements, in violation of the TDCPA.

1

4. Moreover, as a servicer of FHA-insured loans, Mr. Cooper is bound by the rules and regulations of the Secretary of Housing and Urban Development, and those rules are incorporated by reference into all FHA-insured mortgages. Under FHA servicing rules, a mortgage servicer may not charge a borrower any fee not authorized by the FHA. The FHA has not authorized Pay-to-Pay fees.

5. Plaintiffs Robert and Angela Dees have an FHA-insured deed of trust that is serviced by Mr. Cooper.

6. Plaintiffs have incurred multiple fees Pay-to-Pay fees during the life of their loan. Specifically, within four years of filing this complaint, Plaintiffs have paid multiple fees of $9.95 for making mortgage payments online and have paid multiple fees between $14.00–19.00 for making their mortgage payments over the phone.

7. On behalf of themselves and all others similarly situated, Plaintiffs seek injunctive, declaratory, and compensatory relief against Mr. Cooper for its violations of the Texas Debt Collection Practices Act and breaches of contract.

**PARTIES**

8. Plaintiffs Robert Dees and Angela Dees are citizens of the State of Texas.

9. Defendant Nationstar Mortgage, LLC, is a citizen of the State of Texas, with its principal place of business in Coppell, Texas.

## JURISDICTION AND VENUE

10. Mr. Cooper conducts business in the State of Texas, including servicing Plaintiffs' and other borrowers' mortgages, and its contacts in the State are sufficient such that this Court's exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this District because a substantial part of the acts or omissions giving rise to Plaintiffs' causes of action occurred in Nueces County, Texas.

12. Plaintiffs seek to represent Classes of borrowers with mortgages serviced by Mr. Cooper that include all borrowers with properties in the State of Texas and all individuals in the United States with FHA-insured loans. Each of these Classes includes members who are citizens of states other than Texas. Therefore, minimal diversity exists between the parties in this action.

13. The amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00. Mr. Cooper is one of the largest mortgage lenders and servicers in the United States and, more specifically, one of the largest originators and servicers of FHA-insured mortgages. The Classes in this lawsuit are believed to consist of hundreds of thousands of members. To date, Plaintiffs' have incurred no less than $48.00 in improper Pay-to-Pay fees. Thus, the amount in controversy in this action, exclusive of costs and interest, exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(d).

## COMMON FACTUAL ALLEGATIONS

**The Texas Debt Collection Practices Act**

14. The Texas Debt Collection Practices Act ("TDCPA") prohibits a debt collector from "us[ing] unfair or unconscionable means" in the collection of a consumer debt. Tex. Fin. Code § 392.303(a).

15. Mr. Cooper is a *debt collector* under the TDCPA because it is "a person who directly or indirectly engages in debt collection . . .." *Id.* at § 392.001(6).

16. Mr. Cooper engages in *debt collection*, which the TDCPA defines as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5).

17. A *consumer debt* under the TDCPA is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." § 392.001(2).

18. As "an individual who has a consumer debt," each Plaintiff is a *consumer* under the TDCPA. § 392.001(1).

19. The Pay-to-Pay fees Mr. Cooper charged are not authorized by Plaintiffs' deed of trust—or, indeed, by any standard deed of trust or mortgage.

20. By charging those fees, Mr. Cooper employed the unfair and unconscionable practice of "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer[.]" *Id.* at § 392.303(a)(2).

**FHA SERVICING RULES**

21. The Federal Housing Administration, an agency within the United States Department of Housing and Urban Development ("HUD"), "provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories."[1] The FHA "is one of the largest insurers of mortgages in the world, insuring more than 46 million mortgages since its inception in 1934."[2]

22. The FHA provides incentives to private lenders to make loans to would-be homebuyers whose creditworthiness and inability to contribute a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

23. To achieve that goal, "FHA mortgage insurance provides lenders with protection against losses if a property owner defaults on their mortgage. The lenders bear less risk because FHA will pay a claim to the lender for the unpaid principal balance of a defaulted mortgage."[3]

24. Mr. Cooper is an FHA-approved lender and servicer.

25. As an FHA-approved lender, Mr. Cooper must annually "acknowledge that the Mortgagee is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks, Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing

---

[1] HUD.gov – The Federal Housing Administration, https://www.hud.gov/program_offices/housing/fhahistory (last visited on October 18, 2019).
[2] *Id.*
[3] *Id.*

5

regulations and laws including but not limited to 24 CFR § 5.105, Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act) and Title VI of the Civil Rights Act of 1964."[4]

26. HUD's servicing requirements restrict the fees and charges that a servicer of FHA-insured loans may assess to the typically lower-income FHA borrower. HUD Handbook 4000.1: *Single-Family Housing Policy*, https://www.hud.gov/sites/documents/40001HSGH.PDF (last accessed by counsel on October 18, 2019) (the "HUD Handbook").

27. Specifically, the HUD Handbook defines "Allowable Fees and Charges a[s] those costs associated with the servicing of the Mortgage that are permitted to be charged to the Borrower," and defines "Prohibited Fees and Charges a[s] those costs associated with the servicing of the Mortgage that may not be charged to the Borrower." HUD Handbook § III.A.1.f.i.

28. As explained in a previous HUD Handbook chapter, which remains in effect, a "mortgagee may be in violation of HUD regulations should it be collecting a fee (regardless of when the fee is actually collected) for," among other things, "a service which is not specifically authorized in" the HUD Handbook. HUD Handbook to Lenders 4330.1 REV-5, chapter 4-1.B, https://www.hud.gov/sites/documents/43301C4HSGH.PDF, (last accessed by counsel on October 2, 2019).

---

[4] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016, https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last visited on October 18, 2019).

29. Nowhere in the HUD Handbook are Pay-to-Pay fees listed as a fee that a servicer may charge to a borrower.

30. Even were a servicer to receive authorization to charge a Pay-to-Pay fee, the charge to the borrower must be "based on actual cost of the work performed or actual out-of-pocket expenses"—in short, the servicer cannot charge such fees to create a profit center. HUD Handbook § III.A.1.f.ii.(A).

31. Based upon information and belief, the Pay-to-Pay fees that Mr. Cooper charges borrowers exceed its out-of-pocket costs.

## PLAINTIFFS' ALLEGATIONS

32. Plaintiffs executed a standard form FHA deed of trust to purchase their home. *See* Ex. 1.

33. Section 8 of their standard form FHA-insured deed of trust, entitled "Fees," states, "Lender may collect fees and charges *authorized* by the Secretary [of Housing and Urban Development]." *Id.* at 4 (Emphasis added).

34. Section 14 of their form FHA-insured deed of trust provides further that "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *Id.* at 6.

35. As alleged above, the TDCPA and FHA rules prohibit charging Pay-to-Pay fees.

36. And even if a servicer had authorization to collect such a fee, FHA rules prohibit mortgage servicers from passing on to borrowers more than the servicer's out-of-pocket costs for providing the service.

37. On information and belief, which can be confirmed through review of Defendant's documents, Mr. Cooper reaps substantial profits from imposing illegal Pay-to-Pay fees.

38. The $9.95–19.00 it charges its borrowers in Pay-to-Pay fees thus violates the TDCPA and FHA rules.

39. Plaintiffs have paid multiple Pay-to-Pay fees, including as recently as October 2019.

## CLASS ALLEGATIONS

40. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a).

41. Plaintiffs seek certification of the following classes (collectively, the "Classes"):

**The Texas Debt Collection Practices Act Class (the "TDCPA Class")**

All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by Mr. Cooper, (3) who were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee.

**The FHA Pay-to-Pay Class (the "FHA Pay-to-Pay Class")**:

All persons in the United States (1) with an FHA-insured mortgage (2) that is or was serviced by Mr. Cooper, (3) who were charged one or more Pay-to-Pay fee and (4) whose mortgages contained language the

same as or substantially similar to the uniform covenants in the Security Instrument.

42. Plaintiffs reserve the right to modify or amend the proposed class definitions before the Court determines whether certification is appropriate.

43. Excluded from the Classes are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

44. The members of the Classes are so numerous that joinder is impractical. While the exact number of members of the Classes cannot be determined without discovery, Plaintiffs believe that the Classes consist of thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendant.

45. Plaintiffs' claims are typical of the claims of other members of the Classes, in that they arise out of the same acts of Mr. Cooper, namely assessing fees to borrowers that are not permitted by contract or Texas law. Plaintiffs have suffered the harms alleged and have no interests antagonistic to the interests of any other member of the Classes.

46. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual members of the Classes.

47. The predominating common questions of law and fact include:

a. Whether, and in what amount, Mr. Cooper may charge a Pay-to-Pay fee to borrowers with FHA-insured deeds of trust and mortgages (collectively, "Security Instruments");

b. Whether charging such fees violates HUD rules and regulations;

c. Whether charging such fees violates provisions of the Plaintiffs' Security Instruments;

d. Whether charging Pay-to-Pay fees violates the Texas Debt Collection Practices Act;

e. What is the proper method or methods by which to measure damages caused by Mr. Cooper's breaches of the standard terms of FHA Security Instruments; and

f. What is the proper method or methods by which to measure damages caused by Mr. Cooper's violations of the TDCPA.

48. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the members of the Classes.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each of the Class member's claims are small relative to the complexity of the litigation, and due to the

financial resources of Mr. Cooper, no member of the Classes could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Classes will continue to suffer losses and Mr. Cooper's misconduct will proceed without remedy.

50. Even if members of the Classes could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

51. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the Texas Debt Collection Practices Act
**(On behalf of the TDCPA Class)**

52. Plaintiffs incorporate paragraphs 1 through 51.

53. Plaintiffs' deed of trust secured the note they took out to purchase their residence in the State of Texas, and each Plaintiff is therefore, under the TDCPA, a "consumer" who took out a "consumer debt."

54. Mr. Cooper is a "debt collector" under the TDCPA.

55. In the process of "debt collection," Mr. Cooper charged Plaintiffs Pay-to-Pay fees that were incidental to their debt obligation and were not expressly authorized by the agreement creating the obligation.

56. As such, Mr. Cooper employed unfair and unconscionable means in the collection of a consumer debt, in violation of the TDCPA.

57. On behalf of the TDCPA Class, Plaintiffs seek an injunction restraining Mr. Cooper from charging Pay-to-Pay fees as well as actual damages.

### COUNT II: Breach of Contract
**(On behalf of the FHA Pay-to-Pay Class)**

58. Plaintiffs incorporate paragraphs 1 through 57.

59. Plaintiffs and members of the FHA Pay-to-Pay Class have FHA-insured security instruments that are or were serviced by Mr. Cooper.

60. Plaintiffs performed all conditions precedent to enforcing the terms of their Security Instruments.

61. Mr. Cooper improperly charged borrowers Pay-to-Pay fees contrary to the express terms of their contracts.

62. Moreover, the Pay-to-Pay fees Mr. Cooper charged exceeded its out-of-pocket costs by several hundred percent.

63. As a proximate cause of that breach, Plaintiffs and members of the FHA Pay-to-Pay Class have paid fees that should not have been assessed against them and which Mr. Cooper was not entitled to collect.

64. On behalf of the FHA Pay-to-Pay Class, Plaintiffs seek declaratory, injunctive, and compensatory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court:

1. Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, that Plaintiffs are proper class representatives, and that their counsel are appointed Class Counsel;

2. Award compensatory damages and restitution in the amount of all Pay-to-Pay fees charged to the TDCPA Class and FHA Pay-to-Pay Class, and interest on those fees, improperly charged to members of those Classes;

3. Award actual damages in an amount according to proof;

4. Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have been charged to, but not yet paid by, Plaintiffs and members of the Classes;

5. Award injunctive relief to enjoin Defendant's wrongful acts and further violations of Plaintiffs' and the Classes' rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

6. Award pre-judgment interest at the maximum rate permitted by applicable law;

7. Enter a declaratory judgment that Defendant, through its wrongful actions, has kept and continues to keep for itself, benefits that are due and owed to Plaintiffs and members of the Classes;

8. Award reasonable attorneys' fees and costs pursuant to applicable law; and

9. Award such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs and members of the Classes hereby request a trial by jury.

Respectfully submitted,

/s/   Randall K. Pulliam
**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam –
TX State Bar No. 24048058
rpulliam@cbplaw.com
Attorney-in-Charge for Plaintiffs

Hank Bates
AR Bar No. 98063
hbates@cbplaw.com (*pro hac* petition forthcoming)
E. Lee Lowther III
AR Bar No. 2013142
llowther@cbplaw.com (*pro hac* petition forthcoming)
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

/s/   Abraham Moss
Abraham Moss
SBN: 14581700
Fed. I.D. No. 364
5350 S. Staples, Suite 209
Corpus Christi, Texas 78411
amoss@amlawyers.com
Telephone: (361) 992-8999
Facsimile: (361) 232-5007

15